IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| MOHAMED ELNOUR, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
|        v. | )   1:13cv923 (JCC/TCB) |
| | ) |
| JEFFERY CRAWFORD, *et al.*, | ) |
| | ) |
|     Respondents. | ) |

**M E M O R A N D U M   O P I N I O N**

      This matter is before the Court on Petitioner Mohamed Elnour's ("Petitioner") response to this Court's Order dated November 12, 2013, dismissing his habeas corpus petition.  [Dkt. 11.]  For the reasons explained below, Petitioner's response, to the extent it requests further judicial relief, is denied.

### I.  Background

      Petitioner is a native citizen of Sudan.  (Pet. (as paginated by CM/ECF) at 2.)  On March 24, 2006, Petitioner became a lawful permanent resident of the United States.  (*Id.*)

      On January 11, 2010, Petitioner pled guilty to purchasing a firearm in violation of Va. Code § 18.2-308.1:4. (*Id.* at 1.)  Petitioner was sentenced to twelve months imprisonment, with eight months suspended.  (*Id.*)  In November 2010, immigration officials detained Petitioner pending

1

deportation for having been convicted of a firearms offense. (Pet. at 1.)

On July 23, 2013, Petitioner filed this habeas action, pursuant to 28 U.S.C. § 2241, challenging his continued immigration detention. (*Id.* at 3.) Petitioner argued that he was entitled to an individualized bond hearing and that his detention violated the Fifth Amendment. (*Id*. at 2-3.) He requested a bond hearing or release from custody. (*Id.* at 3.)

After Petitioner filed this case, an immigration judge sustained the charges of removability but granted deferral under the United Nations Convention Against Torture. (Mem. in Supp. Resp't Mot. to Dismiss, Ex. 1 at 2-3.) Accordingly, the Government moved to dismiss the petition as moot pending Petitioner's release from detention. (Mem. in Supp. Resp't Mot. to Dismiss at 2-3.) Immigration officials released Petitioner from custody on November 6, 2013. (Notice of Release at 1.) Petitioner's release is subject to certain supervisory conditions, including prohibition against committing future crimes, biweekly home visits, and an electronic monitoring device. (*Id.*, Ex. A.) On November 11, 2013, this Court issued an order adopting the Government's position and denying Petitioner's habeas petition as moot.

Following dismissal, Petitioner filed a self-styled "response" asking the Court to grant him relief from the

conditions of his supervised release. (Response (as paginated by CM/ECF) at 2.) Petitioner argues that these restrictions are improper given the immigration judge granted a deferral of removal. (*Id.*) Petitioner specifically asks that he be "free from the ankle bracelet and supervised probation which ICE has imposed on him." (*Id.*)

Petitioner's response is now before the Court.

## II. Analysis

A. <u>Motion for Reconsideration</u>

Although labeled a response, Petitioner's current filing demands additional relief separate from his original habeas petition. (Response at 2.) The legal basis for Petitioner's request is unclear; however, to the extent it can be construed as a motion for reconsideration, Petitioner's response is denied.

It is well-settled that a habeas corpus petition seeking release from immigration detention is moot when the petitioner is no longer held in detention. *See, e.g., Atem v. Ashcroft*, 312 F. Supp. 2d 792, 794 (E.D. Va. 2004) (explaining that habeas relief from immigration custody is moot once the petitioner is no longer in immigration custody). Thus, the legal basis for the Court's prior dismissal has not changed. Petitioner's claims are moot since he has already received the

3

primary relief originally requested – *i.e.,* release from immigration detention.

    B.  <u>Petitioner's New Claims</u>

To the extent Petitioner's response can be construed as raising additional claims concerning the conditions of his release, his response is denied.  A post-judgment motion, such as that presented here, is an improper vehicle to bring new claims before the Court.  *See, e.g., Brown v. United States*, Nos. 7:07-CR-42-FL-8, 7:09-CV-43-FL, 2010 WL 3743820, at *1 (E.D.N.C. Sept. 20, 2010); *Johnson v. United States*, No. 95-00079-32008, WL 4980678, at *3 (W.D. Pa. Nov. 24, 2008).  In any event, the Court lacks jurisdiction to hear Petitioner's claims regarding the conditions of his supervised release.  *See Solomon v. Terry*, No. EP-12-CV-411-KC, 2012 WL 6097094, at *2 (W.D. Tex. Dec. 7, 2012) (explaining that the Attorney General's discretion to release any alien on bond or to grant parole under 8 U.S.C. § 1226(e) is not subject to judicial review); *see also Hatami v. Chertoff*, 467 F. Supp. 2d 637, 640-41 (E.D. Va. 2006) (noting that 8 U.S.C. § 1226(e) divests a district court of jurisdiction to review a challenge to the Attorney General's discretionary decision regarding detention or release).

### III.  Conclusion

As explained above, Petitioner's original habeas petition was properly denied as moot.  Moreover, Petitioner's

response is an improper vehicle to bring new claims before the Court.  Accordingly, Petitioner's response, to the extent it requests further judicial review, is denied.

An appropriate Order will follow.

|  | /s/ |
|---|---|
| December 13, 2013 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |